# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CROWDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. A. GAULDEN, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:06-CV-00016 OWW SMS P<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT GAULDEN<br><br>(Doc. 1) |

I.  Screening Order

　　A.  Screening Requirement

Plaintiff William Crowder ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 6, 2006. Plaintiff is seeking monetary damages and equitable relief from defendants Correctional Officer R. A. Gaulden, Chief Deputy Warden D. D. Sheppard-Brooks, and Sergeant G. A. Finley. Plaintiff's claims against defendants arise from defendant Gaulden's alleged disclosure to another inmate that plaintiff is HIV positive.

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
6  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
7  8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
8  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
9  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
10 consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
11 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
12 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
13 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
14 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
15 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
16 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
17 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
18 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
19 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
20 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).
21      B.    Plaintiff's Claims
22          1.    Claim Against Defendant Gaulden
23      In his complaint, plaintiff alleges that on March 25, 2005, defendant Gaulden informed
24 plaintiff's cellmate that plaintiff was HIV positive. Plaintiff alleges that he has a constitutional right
25 to medical privacy.
26      "The Constitution protects two kinds of privacy interest. 'One is the individual interest in
27 avoiding disclosure of personal matters, and another is the interest in independence in making certain
28 kinds of important decisions.'" Doe v. Attorney General of the United States, 941 F.2d 780, 795

(9th Cir. 1991) (quoting <u>Whalen v. Roe</u>, 429 U.S. 589, 599 (1977)). "The constitutionally protected privacy interest in avoiding the disclosure of personal matters clearly encompasses medical information and its confidentiality," <u>Norman-Bloodsaw v. Lawrence Berkeley Lab.</u>, 135 F.3d 1260, 1269 (9th Cir. 1998), and "information regarding an individual's HIV-status or AIDS diagnosis . . . fall[s] with the ambit of the privacy protection afforded medical information," <u>Doe v. Attorney General of the United States</u>, 941 F.2d 780, 796 (9th Cir. 1991). "The privacy protection afforded medical information is not absolute; rather, it is a conditional right which may be infringed upon a showing of proper governmental interest." <u>Roe v. Sherry</u>, 91 F3d 1270 (9th Cir. 1996) (citation omitted).

The court finds that plaintiff's allegation is sufficient to give rise to a claim for relief under section 1983 against defendant Gaulden. Fed. R. Civ. P. 8(a); <u>Swierkiewicz</u>, 534 U.S. at 506; <u>Hydrick v. Hunter</u>, 449 F.3d 978, 991 (9th Cir. 2006); <u>Wong v. United States</u>, 373 F.3d 952, 956-57 (9th Cir. 2004).

2.  <u>Claims Against Defendants Sheppard-Brooks and Finley</u>

Plaintiff also alleges claims for relief under section 1983 against defendants Sheppard-Brooks and Finley. Plaintiff alleges that defendant Finley denied his inmate appeal of the incident with defendant Gaulden at the first level of review and defendant Sheppard-Brooks partially granted his inmate appeal at the second level of review.

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see</u> <u>also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). Actions in

///

reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

The constitutional violation alleged in this action arose from defendant Gaulden's revelation of plaintiff's HIV status. Defendants Sheppard-Brooks and Finley's consideration of plaintiff's appeal of Gaulden's act provides no basis upon which to impose liability on them. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted against defendants Sheppard-Brooks and Finley.

C.     Conclusion

The court finds that plaintiff's complaint states a claim against defendant Gaulden under section 1983 based on the revelation of plaintiff's private medical information, but does not contain a claim upon which relief may be granted under section 1983 against defendants Sheppard-Brooks and Finley. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendant Gaulden only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the claim against defendants Sheppard-Brooks and Finley be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Gaulden.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named

defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Gaulden; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 22, 2006**             /s/ Sandra M. Snyder
icido3                                     UNITED STATES MAGISTRATE JUDGE