# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CROWDER, | CASE NO. 1:06-CV-00016 OWW SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS SHEPPARD-BROOKS AND FINLEY |
| v. | |
| R. A. GAULDEN, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

I.     Findings and Recommendations Following Screening of Complaint

     A.     Procedural History

     Plaintiff William Crowder ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 6, 2006.  Plaintiff is seeking monetary damages and equitable relief from defendants Correctional Officer R. A. Gaulden, Chief Deputy Warden D. D. Sheppard-Brooks, and Sergeant G. A. Finley. Plaintiff's claims against defendants arise from defendant Gaulden's alleged disclosure to another inmate that plaintiff is HIV positive.

     On August 23, 2006, the court issued an order finding that plaintiff's complaint states a claim against defendant Gaulden under section 1983 based on the revelation of plaintiff's private medical information, but does not contain a claim upon which relief may be granted under section 1983 against defendants Sheppard-Brooks and Finley.  The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only against defendant Gaulden. On September 20, 2006, plaintiff notified the court that he is willing to dismiss defendants Sheppard-

1  Brooks and Finley from this action and proceed only against defendant Gaulden.  Accordingly, based
2  on plaintiff's notice, this Findings and Recommendation now issues.

3        B.    Screening Requirement

4        The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
10  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
11  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
13  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.
14  506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short
15  and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro.
16  8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
17  and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a
18  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
19  consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately
20  prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may
21  appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
22  test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
23  232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
24  suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
25  F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a
26  plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal
27  interpretation of a civil rights complaint may not supply essential elements of the claim that were not
28  ///

2

1  initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

2  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

3        C.     <u>Plaintiff's Claims</u>

4            1.     <u>Claim Against Defendant Gaulden</u>

5      In his complaint, plaintiff alleges that on March 25, 2005, defendant Gaulden informed

6  plaintiff's cellmate that plaintiff is HIV positive.  Plaintiff alleges that he has a constitutional right

7  to medical privacy.

8      "The Constitution protects two kinds of privacy interest.  'One is the individual interest in

9  avoiding disclosure of personal matters, and another is the interest in independence in making certain

10  kinds of important decisions.'"  <u>Doe v. Attorney General of the United States</u>, 941 F.2d 780, 795

11  (9th Cir. 1991) (quoting <u>Whalen v. Roe</u>, 429 U.S. 589, 599 (1977)).  "The constitutionally protected

12  privacy interest in avoiding the disclosure of personal matters clearly encompasses medical

13  information and its confidentiality," <u>Norman-Bloodsaw v. Lawrence Berkeley Lab.</u>, 135 F.3d 1260,

14  1269 (9th Cir. 1998), and "information regarding an individual's HIV-status or AIDS diagnosis

15  . . . fall[s] with the ambit of the privacy protection afforded medical information," <u>Doe v. Attorney</u>

16  <u>General of the United States</u>, 941 F.2d 780, 796 (9th Cir. 1991).  "The privacy protection afforded

17  medical information is not absolute; rather, it is a conditional right which may be infringed upon a

18  showing of proper governmental interest."  <u>Roe v. Sherry</u>, 91 F3d 1270 (9th Cir. 1996) (citation

19  omitted).

20      The court finds that plaintiff's allegation is sufficient to give rise to a claim for relief under

21  section 1983 against defendant Gaulden.  Fed. R. Civ. P. 8(a); <u>Swierkiewicz</u>, 534 U.S. at 506;

22  <u>Hydrick v. Hunter</u>, 449 F.3d 978, 991 (9th Cir. 2006); <u>Wong v. United States</u>, 373 F.3d 952, 956-57

23  (9th Cir. 2004).

24            2.     <u>Claims Against Defendants Sheppard-Brooks and Finley</u>

25      Plaintiff also alleges claims for relief under section 1983 against defendants Sheppard-Brooks

26  and Finley.  Plaintiff alleges that defendant Finley denied his inmate appeal of the incident with

27  defendant Gaulden at the first level of review and defendant Sheppard-Brooks partially granted his

28  inmate appeal at the second level of review.

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

The constitutional violation alleged in this action arose from defendant Gaulden's revelation of plaintiff's HIV status.  Defendants Sheppard-Brooks and Finley's consideration of plaintiff's appeal of Gaulden's act provides no basis upon which to impose liability on them.  Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted against defendants Sheppard-Brooks and Finley.

D.   Conclusion

The court finds that plaintiff's complaint states a claim against defendant Gaulden under section 1983 based on the revelation of plaintiff's private medical information, but does not contain a claim upon which relief may be granted under section 1983 against defendants Sheppard-Brooks and Finley.  Plaintiff was provided with the opportunity to amend but opted to proceed only against defendant Gaulden.  Therefore, it is HEREBY RECOMMENDED that:

1.   This action proceed on plaintiff's complaint, filed January 6, 2006, against defendant Gaulden under section 1983 for violating plaintiff's right to privacy by revealing plaintiff's medical information; and

2.   Defendants Sheppard-Brooks and Finley be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them under section 1983.

4

1       These Findings and Recommendations will be submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3   **days** after being served with these Findings and Recommendations, plaintiff may file written

4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

7   1153 (9th Cir. 1991).

8

9   IT IS SO ORDERED.

10  **Dated:**    **October 4, 2006**             **/s/ Sandra M. Snyder**
    icido3                     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28