# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CROWDER,<br><br>          Plaintiff,<br><br>     v.<br><br>R. A. GAULDEN,<br><br>          Defendant.<br>                                                        / | CASE NO. 1:06-cv-00016-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAMS FOR DAMAGES BE GRANTED, AND PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF BE DISMISSED<br><br>(Doc. 18) |

I.     Findings and Recommendations Addressing Defendant's Motion to Dismiss

     A.     Procedural History

Plaintiff William Crowder ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed January 6, 2006, against defendant Gaulden ("defendant") under section 1983 for violating plaintiff's right to privacy by revealing plaintiff's private medical information.[1] On February 9, 2007, defendant filed a motion to dismiss plaintiff's state law claims for failure to state a claim. Fed. R. Civ. P. 12(b)(6). (Doc. 18.) Plaintiff filed an opposition on March 12, 2007, and defendant filed a reply on March 16, 2007. (Docs. 21, 22.)

///

///

---

[1] Defendants Sheppard-Brooks and Finley were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 17.)

1

B.     Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514.

C.     Discussion

1.     State Law Claim for Damages - Compliance with California's Tort Claims Act

In his complaint, plaintiff alleges that on March 25, 2005, defendant informed plaintiff's cellmate that plaintiff is HIV positive. Plaintiff alleges that he has a constitutional right to medical privacy. The court found that plaintiff's allegation was sufficient to give rise to a claim for relief under section 1983 against defendant, and ordered service of the summons and complaint. Fed. R. Civ. P. 8(a); Swierkiewicz, 534 U.S. at 506; Hydrick v. Hunter, 449 F.3d 978, 991 (9th Cir. 2006); Wong v. United States, 373 F.3d 952, 956-57 (9th Cir. 2004).

Defendant moves for dismissal of plaintiff's state law damages claim for failure to allege compliance with California's Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims

Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

The court did not find that plaintiff's complaint alleged any state law claims, deficient or otherwise. (Docs. 10, 12, 17.) In his opposition, plaintiff does not contend that he is pursuing any such claims and instead argues only that 42 U.S.C. § 1997e(a), which governs exhaustion of his section 1983 claim, does not require him to exhaust with the California Victim Compensation and Government Claims Board. Because the complaint does not specifically allege any state law claims and the court did not read any into the complaint, defendant's motion is not necessary. Nevertheless, in an abundance of caution due to the imprecise language used by plaintiff in his complaint, the court will consider defendant's motion to the extent that the complaint may be construed to plead tort claims under California law.

Plaintiff is not required to file a claim with the California Victim Compensation and Government Claims Board in order to exhaust his section 1983 constitutional privacy claim. Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999) (overruled in part on other grounds by Booth v. Churner, 532 U.S. 731 (2001)). However, to pursue any tort claims under California law, plaintiff is required to exhaust by filing a claim with the California Victim Compensation and Government Claims Board, and plaintiff is required to plead such exhaustion in his complaint. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi, 839 F.2d at 627. Plaintiff did not so do and to the extent his complaint may be construed to plead state law tort claims, defendant is entitled to dismissal of those claims.

2.  Claim for Injunctive Relief[2]

In addition to money damages, plaintiff seeks an order mandating that his allegations be investigated as a staff complaint, and that defendant be reassigned and disciplined. Plaintiff's claim for equitable relief arises from an incident in which defendant allegedly disclosed plaintiff's private medical information to another inmate on March 25, 2005.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless

---

[2] Although defendant argues only that plaintiff's state law claim for injunctive relief should be dismissed, the court may screen at any time *sua sponte*, 28 U.S.C. § 1915(e)(2)(B)(ii), and the court hereby invokes its statutory authority to do so in this instance with respect to plaintiff's claim for injunctive relief, federal or state.

4

the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A)

There is an actual case or controversy before this court with respect to plaintiff's section 1983 claim for money damages arising out of defendant's alleged past act of revealing plaintiff's private medical information. However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of defendant which gives rise to plaintiff's claim for relief, and should plaintiff prevail, plaintiff's injury will not go unrecompensed because plaintiff has an adequate remedy at law. Id. Plaintiff is not entitled to equitable relief in this action for defendant's past conduct because there is no allegation, and no argument made by plaintiff in his opposition, that he will be wronged again by defendant. Further, ordering an investigation, and employment reassignment and discipline are issues outside the scope of equitable relief this court could order. Therefore, plaintiff's claim for injunctive relief should be dismissed and this action should proceed as one for money damages only.

D.   Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss plaintiff's state law tort claims for damages, filed February 9, 2007, be GRANTED, without prejudice, to the extent the complaint may be construed to plead such claims; and

2. Pursuant to defendant's motion to dismiss, filed February 9, 2007, and the court's screening authority, plaintiff's claim for injunctive relief be DISMISSED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 13, 2007**                                  /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE