# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CROWDER,<br><br>        Plaintiff,<br><br>    v.<br><br>R. A. GAULDEN,<br><br>        Defendant.<br>_____/ | CASE NO. 1:06-cv-00016-LJO-SMS PC<br><br>ORDER FOLLOWING TELEPHONIC TRIAL CONFIRMATION HEARING GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESS JIMMY JAMES SIMPSON<br><br>(Doc. 33)<br><br>ORDER SETTING SETTLEMENT CONFERENCE BEFORE MAGISTRATE JUDGE SANDRA M. SNYDER ON AUGUST 28, 2008, AT 11:00 A.M. IN COURTROOM 7 |

**<u>Order Following Telephonic Trial Confirmation Hearing</u>**

This action, brought pursuant to 42 U.S.C. § 1983, proceeds on Plaintiff William Crowder's complaint, filed August 25, 2003, against Defendant R. A. Gaulden ("Defendant"). Plaintiff Crowder ("Plaintiff") brings this civil rights action against Defendant for allegedly violating Plaintiff's right to informational privacy by disclosing Plaintiff's confidential medical information to another inmate, in violation of the Due Process Clause of the Fourteenth Amendment. Jury trial is set for September 2, 2008, at 8:30 a.m. before the undersigned in Courtroom 4.

**I.  <u>Plaintiff's Motion for the Attendance of Inmate Witness Jimmy James Simpson</u>**

On August 7, 2008, the parties appeared telephonically for the trial confirmation hearing. Plaintiff is seeking the attendance of inmate Jimmy James Simpson to testify at trial. Defendant opposes the motion because it was not timely filed and because inmate Simpson is not willing to

testify voluntarily. Defendant's opposition is supported by Simpson's declaration attesting to his unwillingness to testify voluntarily.

Plaintiff's pretrial statement and motion for the attendance of incarcerated witnesses were due on or before July 7, 2008. The Second Scheduling Order, which set the submission deadline, was issued on June 6, 2008. Plaintiff filed his pretrial statement and a motion for the attendance of inmate witness Simpson on July 21, 2008. Applying the prison mailbox rule, the pretrial statement and witness motion were filed on July 13, 2008. Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994); Houston v. Lack, 487 U.S. 266, 270 (1988). Based on Plaintiff's representation that his pretrial statement and witness motion were six days late because of difficulties accessing the law library and obtaining envelopes for mailing, the Court declines to preclude Plaintiff's inmate witness on the ground that the motion was not timely filed.

In determining whether to grant Plaintiff's motion for the attendance of inmate Simpson, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995). Inmate Simpson possesses actual knowledge of relevant facts. It is Plaintiff's position that Defendant told inmate Simpson about Plaintiff's private medical status, and Plaintiff's complaint is accompanied by inmate Simpson's signed statement to that effect.[1] The expense of transportation and security is a non-issue in this instance given that inmate Simpson is currently housed at California State Prison-Lancaster and will likely be transported and housed at California State Prison-Corcoran for trial. The Court has before it no information that there are security risks

---

[1] The statement is not signed under penalty of perjury and therefore is not a declaration.

posed by inmate Simpson's presence at trial or when inmate Simpson will be released from custody, and cannot make a finding against Plaintiff as to those factors. Accordingly, the Court finds that inmate Simpson should be transported for trial, and Plaintiff's motion is granted.

## II.     Settlement Conference

Both parties have expressed willingness to attempt settlement, and requested a settlement conference. As discussed during the hearing, the settlement conference will be conducted in person rather than over the telephone, and will be conducted by Magistrate Judge Sandra M. Snyder on August 28, 2008, at 11:00 a.m. in Courtroom 7. By separate order, the Court will direct the production of Plaintiff for the settlement conference. There is insufficient time to direct the transportation of inmate Simpson after the settlement conference occurs, and therefore a writ directing his transportation for trial will also issue at this time.

## III.    Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmate Simpson, filed July 21, 2008, is GRANTED; and
2. A settlement conference is set before Magistrate Judge Sandra M. Snyder on August 28, 2008, at 11:00 a.m. in Courtroom 7.

IT IS SO ORDERED.

Dated:   **August 7, 2008**                   /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE